IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 3:19-CR-208-TAV-HBG |
| ) | |
| THOMAS O. MACKEY, ) | |
| ) | |
| Defendant., ) | |

## MEMORANDUM AND ORDER

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on two pretrial motions [Docs. 76 & 77] by Defendant Thomas O. Mackey requesting discovery and disclosure of exculpatory evidence. Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, the Defendant asks the Court to order the Government to turn over or make available for inspection (1) a digital video recorder ("DVR") that was linked to his home security system and was seized by law enforcement, (2) all discovery related to Defendant's son Thomas Kyle Mackey, and (3) the oral, written, or recorded statements of the Defendant, along with any other evidence the Government intends to use in its case-in-chief at trial [Doc. 76]. The Defendant also moves the court to order the Government to disclose all exculpatory, impeachment, and mitigating evidence [Doc. 77].

The Government responds that it will provide a copy of the data extracted from the DVR once the examination of the DVR is complete, that it will provide all discovery material that was disclosed to Thomas Kyle Mackey, and that it has otherwise already disclosed the discovery to the Defendant [Doc. 78]. The Government also contends that it will provide materials governed

1

by the Jencks Act and other exculpatory and impeaching materials at the appropriate time before trial in compliance with the Court's Order on Discovery and Scheduling.

On November 22, 2019, prior to Defendant Thomas O. Mackey's initial appearance, the Court entered an Order on Discovery and Scheduling [Doc. 16], governing the provision of discovery in this case. According to the Government's response, it states that it provided initial discovery to Defendant Thomas O. Mackey on January 7, 2020, and supplemental discovery the following day. Additionally, the Government states that it will provide the data from the DVR and the discovery provided to Thomas Kyle Mackey to the Defendant. The Court notes that portions of the video footage from the Defendant's home security system were played at the evidentiary hearing on August 31, 2020. Accordingly, the Court finds that the Defendant's request for Rule 16 discovery [**Doc. 76**] is **DENIED as moot,** because the Court has already ordered its production in the Order on Discovery and Scheduling and the Government has produced the requested items.

With regard to exculpatory and impeaching evidence, the Court finds that this request is also governed by the Order on Discovery and Scheduling [Doc. 16]. The Order provides that

> [t]he government shall reveal to the defendant and permit inspection and copying of all information and material known to the government which may be favorable to the defendant on the issues of guilt or punishment within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Agurs*, 427 U.S. 97 (1976) (exculpatory evidence), and *United States v. Bagley*, 473 U.S. 667 (1985) (impeachment evidence). Timing of such disclosure is governed by *United States v. Presser*, 844 F.2d 1275 (6th Cir. 1988).

[Doc. 16, ¶ E]. The Order also strongly encourages the Government "to reveal Jencks Act materials to defense counsel as soon as possible and well before the testimony of government witnesses in order to avoid undue interruptions of trials" [Doc. 16, ¶ O]. In its response, the

2

Case 3:19-cr-00208-TAV-HBG   Document 139   Filed 01/06/21   Page 2 of 3   PageID #: 945

Government states its intention to comply with the Court's Order on Discovery and Scheduling. The Court finds that it has already entered an Order directing the Government to disclose exculpatory and impeaching evidence and, thus, the Defendant's motion [**Doc. 77**] requesting a Court order for such evidence is **DENIED as moot**.

Finally, the Court observes that on October 21, 2020, the Due Process Protections Act amended Federal Rule of Criminal Procedure 5 by adding a new subsection (f), which requires the Court in all criminal proceedings to issue an Order confirming the prosecution's obligation to disclose exculpatory evidence under *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny. Pub. L. No. 116-182, 134 Stat. 894 (2020). The prosecution's failure to disclose such evidence in a timely manner may result in consequences, such as the exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, or sanctions by the Court. Accordingly, the Court confirms the Government's obligation to disclose exculpatory and impeachment evidence to the Defendant in a timely manner.

In summary, the Court **ORDERS** as follows:

(1) Defendant Thomas O. Mackey's Motion for Disclosure of Exculpatory Evidence [**Doc. 76**] and Motion for Rule 16 Discovery [**Doc. 77**] are **DENIED as moot**; and

(2) Pursuant to the Due Process Protections Act, the Court confirms the Government's obligation to disclose exculpatory and impeachment evidence to the Defendant in a timely manner and cautions that the failure to do so will result in consequences as stated above.

**IT IS SO ORDERED.**

ENTER:

*/s/ Bruce Guyton*
H. Bruce Guyton
United States Magistrate Judge

3

Case 3:19-cr-00208-TAV-HBG   Document 139   Filed 01/06/21   Page 3 of 3   PageID #: 946